Curia, per Butler, J.
The only debateable question in this case is, whether the simple contract was so entirely extinguished by the specialty, as to exonerate Cherry from all liability. I decided the point on the circuit without reference to authority, and I am happy to find, after some research and investigation, that my opinion is sustained by judicial decisions that are satisfactory to the whole Court. The authorities relied on by the counsel for the defendants, who argued this case with learning and ability at the last Court, are not precisely in point, and if they' cannot altogether be reconciled with those on which we rely, they must yield to them; the latter being better calculated to subserve the general ends of justice, and to favor the particular merits of this case.
In North Carolina the precise question has risen more than once, and has been uniformly decided the same way by the Supreme Court of that State; a tribunal whose decisions deserve respect, for the learning and ability of its Judges, at the time these decisions were made. One case is so precisely like the one under consideration, that it cannot well be distinguished from it, except by the names of the parties and the form of pleading; and it should be remarked that the latter circumstance should not effect the question, as in North Carolina the form of pleading is never allowed to defeat the *363 legal rights of the parties of the suit, which depend on the actual developments of the case, and the principles of law applicable thereto. In the case of - vs. Child, 4 Dev. 459, Child was the partner of one Murphy; Murphy executed a bond and signed the name of the firm to it; the plaintiff declared against Child on two counts; one on the bond, and the other on simple contract. The question of law on the first count was perfectly clear; and the only doubt was, whether the account was not merged in the bond? The Judge below intimated that it was not, and the jury found for the plaintiff, and the defendant appealed, and Judge Daniel, in delivering the opinion of the Supreme Court, remarks on thengjnt, “it has been contended here, though not with much^mesjEntess, that the simple contract arising on the sale^tfí g^as, been merged in the specialty, which hadjíogsii givra£y&y\ Murphy, and that the action of assumpsit fpovúd not^fijjpV be ¶, maintained, and that the plaintiff should najj hÉ$?e b,eeít%Iíom?t!>'° j! to recover on the second count. The pnfeimiipl|4s certainty J correct that where a person indebted by simp\Montrg,'C^ive^ a bond for that debt, the same is merged iuMheN^yéci|J.4$, which is an instrument of higher dignity in tWgg^-ofthe law. But it is perfectly settled, that the giving a bond by one co-partner, for a firm debt, does not extinguish the original debt as to the firm. A bond merges the simple contract only as to him whom i.t binds, and a partner cannot, by deed, bind the firm; Sprat vs. Gillet, 1 Dev. E. Cases, 466.” This case is sustained by the case of Wilson & Co. vs. Jennings, 4 Dev. 90. These cases are decided on the principle, that the creditor who takes the bond of one partner, in the name of the firm, does so in reference to the liability of the firm at the time, and does not take the bond as exclusively relying on it for bis security for indemnity; for if be bad done so, and bad at the same time released the firm, be would be bound to look to the bond alone ; but one who gives the bond, may be liable on the bond, and the firm on the simple contract. When the bond is taken with security, without reference to the firm, it may be, according to the cases relied on by the defendants’ counsel, regarded as the only evidence of the contract between the parties to it; this is the extent that the case of Tom vs. Goodrich, and others, goes. Barber, one of the firm of Goodrich and others, gave bis bond to the United *364 States with the plaintiff as surety, without reference to the firm for whose benefit the bond was given. Barber died, and the plaintiff Tom was compelled to pay the bond; for the United States could look alone to him on the bond. Tom brought this action to recover from Goodrich and others money loaned out and expended for their use. Judge Tom-kins, in delivering the opinion of the Court on one of the points in the case, and not the main one, says, that the law does not imply a promise by all the persons that may be benefitted in consequence of a payment by a surety, but only by the person whose debt is thereby discharged — that is by Barber alone, whose bond had been signed by Tom and taken by the United States as his bond alone. The privity of contract between the parties being with Barber alone. The case of Walden vs. Shelbourne, 15 Johnson, 423, incidentally recog-nises the same principle. The case of Clemment vs. Brush, repeated in Johnson’s cases in 3d vol., 180, is more like the case before the Court, but is in some, and I think, material circumstances, different from it. Brush and Howell were partners; and Brush bought goods, and signed a single bill in the name of the firm, in payment of them; Howell became unfortunate in business, and his creditors, in consideration, and on the payment of one-fourth thereof, exonerated him from all claims and demands against the firm, saying expressly, that no security or demand against Brush was to be impaired. It was held that Brush was bound by the single bill, being under seal. This decision was rather on the construction and effect of the release, than the question which might have risen on the bond, so far as Howell was concerned, if there had been no release. Indeed, the very fact of taking the release, showed that Howell thought himself bound without it. There is a single dictum in the case that might go to sustain the ground taken by the defendant; but the judgment of the Court must be regarded as having been given upon the point fairly involved in the case. I have adverted to these authorities to show that they do not expressly rule the point before the Court, and to show that we feel ourselves at liberty to adopt the decisions which are more directly in point, and more satisfactory to our minds. I am informed by my brother O’Neall, that in a case in which Todd was one of the parties, decided in the Court of Equity, in 1819, the question involved, *365 and was ruled, as be thinks, in conformity with the principles of this opinion. I rely very much on the accuracy of his memory, and have taken the liberty to advert to it, as I have not been able to find the case itself to which he has referred. Upon the whole view of the case, we are satisfied to affirm the decision below, and to dismiss the defendants’ motion.